# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMMY DEWAYNE JESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-524-JHP |
| | ) |
| WELLS FARGO BANK N.A. and | ) |
| WELLS FARGO HOME MORTGAGE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Timmy Dewayne Jester's ("Plaintiff") Application for Temporary Restraining Order, Preliminary Injunction, and Declaratory Relief. (Doc. No. 4). Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not yet been served in this matter and therefore have not had an opportunity to respond to Plaintiff's Application. After careful review of Plaintiff's Application and related court documents, Plaintiff's Application is **DENIED**.

## BACKGROUND

Plaintiff filed his Complaint in this matter on December 2, 2016, seeking relief against the defendants for foreclosure fraud and unjust enrichment. (Doc. No. 2). Plaintiff also filed his Application for a Temporary Restraining Order ("TRO"), Preliminary Injunction, and Declaratory Relief on December 2, 2016. (Doc. No. 4 ("Application")). Based on the Complaint and Application, the Court ascertains that Plaintiff is the borrower and the defendants are the purported note holders on a residential mortgage. In the Application, Plaintiff asserts his home will be sold at auction on December 13, 2016, and Plaintiff will be subject to eviction, without

immediate Court intervention. (*Id.*). Plaintiff seeks a temporary restraining order, a preliminary injunction, and a permanent injunction, enjoining the defendants and their "agents, attorneys, representatives, and all persons acting in concert or participating with them from selling, attempting to sell, or causing to be sold the property." (Doc. No. 4, at 6). Plaintiff also seeks a declaration by the Court that "sale of the property to enforce the deed of trust/mortgage is improper" as well as costs of suit. (*Id.*).

## DISCUSSION

"A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). "The main purpose of a preliminary injunction is simply to preserve the status quo pending the outcome of the case." *Tri-State Generation and Transmission Assoc., Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975)). In order for a preliminary injunction to issue, the movant must satisfy a four-part test:

> The requesting party must demonstrate (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction if issued will not adversely affect the public interest.

*Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001). If the plaintiff can establish that the latter three "harm" factors tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation." *Star Fuel Marts, LLC v. Sam's East, Inc.*, 362 F.3d 639, 653

(10th Cir. 2004) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation marks omitted)).

A TRO is intended to preserve the status quo until the court can rule upon the application for preliminary injunction. Fed. R. Civ. P. 65(b); 11A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2951 (3d ed.). Because the Court is adjudicating Plaintiff's preliminary injunction request with this order, the Court concludes a TRO is not necessary. Therefore, Plaintiff's application for a TRO is denied. *See U.S. v. Springer*, 2009 WL 511035, at *1 (N.D. Okla. Feb. 27, 2009) (listing the four criteria needed to obtain a TRO or preliminary injunction, including "a substantial likelihood that he will eventually prevail on the merits") (citing *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998)).

Here, it is clear to the Court that Plaintiff's application for a preliminary injunction fails for failure to demonstrate either (1) a substantial likelihood of success on the merits or (2) serious, substantial, difficult, and doubtful questions going to the merits. In the Complaint, Plaintiff alleges the defendants committed fraud on the court and refers to 28 U.S.C. § 1655 (lien enforcement), 8 U.S.C. § 1324c(a)(1)-(3) (penalties for document fraud), and Fed. R. Civ. P. 60(d)(3) (power to set aside a judgment for fraud on the court). In the Application, Plaintiff argues the defendants are in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 *et seq.* Specifically, Plaintiff alleges the defendants responded improperly to a borrower request for information related to Plaintiff's mortgage note. Plaintiff further alleges the defendants could not have purchased Plaintiff's mortgage note from his previous lender, which was already defunct, and the defendants used fraudulent endorsements to seek payment from Plaintiff and ultimately obtain a foreclosure judgment against him.

Plaintiff refers to a Wagoner County case, Case No. CJ-2012-0308 (the "Wagoner County Case"), in which a foreclosure judgment was obtained against him. In the Wagoner County Case docket, a Notice of Sheriff's Sale indicates the sale of Plaintiff's property will take place on December 20, 2016. The docket further indicates the Oklahoma Court of Civil Appeals and the Oklahoma Supreme Court have affirmed the judgment from the Wagoner County District Court granting Wells Fargo Bank, N.A.'s motion for summary judgment on mortgage foreclosure.[1]

Plaintiff's request for a preliminary injunction hinges on his allegations that the foreclosure in the Wagoner County Case was obtained fraudulently. The Court finds Plaintiff has not shown a likelihood of success on the merits as to his claim that the foreclosure was obtained fraudulently and therefore his request for injunctive relief must be denied. It appears from the record that the impending sheriff's sale of Plaintiff's property is a matter that has already been decided by the state courts. Plaintiff has not demonstrated this Court has subject matter jurisdiction to enjoin the sheriff's sale based on alleged fraud in the Wagoner County Case. Plaintiffs have "[t]he burden of establishing subject matter jurisdiction" because they are "the part[ies] asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.,* 518 F.3d 1186, 1189 (10th Cir.2008).

While Plaintiff claims violations of federal statutes, his Application centers on allegations that the state court's proceedings and adjudication were based on fraudulent documents. By his allegations, Plaintiff challenges the state court's decision regarding foreclosure of Plaintiff's property. Plaintiff seeks federal court rejection of that outcome. For Plaintiff to prevail on his

---

[1] The Court may take judicial notice of the public filings in the Wagoner County Case, because they are matters of public record. The Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

request for an injunction, the federal district court would have to review and ultimately reject the state court orders. Accordingly, Plaintiff's request for a preliminary injunction and TRO is barred by the *Rooker-Feldman* doctrine. This doctrine is a jurisdictional prohibition, based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court, not by collateral litigation in federal district court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to bar "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). In other words, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, the state court actually approved the sale before this suit was commenced, *i.e.,* issued the final order in the foreclosure process. Therefore, Plaintiff's attempt to enjoin the sale is barred by the *Rooker-Feldman* doctrine because it essentially seeks to undo that order. *See, e.g., Rohr v. Home Loans Corp.*, 2005 WL 2027684, at *2-3 (D. Colo. Aug. 22, 2005) (applying *Rooker-Feldman* doctrine to bar federal district court action seeking to rescind mortgage loan after state court foreclosed on lien and approved sale of property at public auction).

Despite the leniency afforded a *pro se* party, Plaintiff still must allege sufficient facts to establish he is properly entitled to relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

5

1991). Plaintiff's allegations simply fail to do so. Accordingly, his request for a preliminary injunction, TRO, and other relief must be denied. Because Plaintiff's application for a preliminary injunction fails on the first element, the Court need not address the remaining three "harm" elements.

## CONCLUSION

For the reasons detailed above, Plaintiff's Application for Temporary Restraining Order, Preliminary Injunction and Declaratory Relief (Doc. No. 4) is **DENIED.**

**IT IS SO ORDERED** this 7th day of December, 2016.

*James H. Payne*
James H. Payne
United States District Judge
Eastern District of Oklahoma