## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TIMMY DEWAYNE JESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-CV-524-JHP** |
| | ) | |
| **WELLS FARGO BANK N.A. and** | ) | |
| **WELLS FARGO HOME MORTGAGE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before this Court are (1) Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 41), (2) Defendants' Motion for Leave to File Judgment Rolls (Dkt. 42), (3) Plaintiff's "Motion for Leave to Amend Its Second Amended Complaint" (Dkt. 46), (4) Plaintiff's "Emergency Motion for a Evidentiary Hearing for a Temporary Restraining Order or Preliminary Injunction" (Dkt. 48), and (5) Plaintiff's "Emergency Motion for a Order to Show Cause and Request an Evidentiary Hearing" (Dkt. 49). Plaintiff is proceeding *pro se* and *in forma pauperis*. In the interest of efficiency, the Court will address each of the pending motions in this Opinion and Order.

# BACKGROUND

Plaintiff Timmy Dewayne Jester ("Plaintiff") filed his original *pro se* Complaint in this matter on December 2, 2016, seeking relief against Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage (together, "Defendants") for foreclosure fraud and unjust enrichment. (Dkt. 2). On July 26, 2017, after obtaining permission from the Court, Plaintiff filed a Second Amended Complaint, adding various causes of action against Defendants.

The Second Amended Complaint is rambling, repetitive, and difficult to decipher. However, it is plain from the pleading and Defendants' Motion to Dismiss that Plaintiff's claims stem from his attempts to prevent Defendants from enforcing their Oklahoma State Court Foreclosure Judgment against him, in Wagoner County Case No. CJ-2012-308 (the "2012 Foreclosure"). The relevant proceedings are below described.

## I.    The 2012 Foreclosure Proceeding

In the 2012 Foreclosure, Defendants moved for summary judgment, and Plaintiff opposed Defendants' motion by questioning the validity of the indorsement from Washington Mutual Bank, FA, on his note and by alleging Mortgage Electronic Registration Services, Inc. ("MERS") mortgages are invalid in Oklahoma. (*See* Dkt.

41-3 (Jester's Response to Motion for Summary Judgment, June 16, 2014)).[1]  Judge Shook of the Wagoner County District Court overruled Plaintiff's objections in that case and entered judgment in favor of Defendants on October 8, 2014.  (Dkt. 41-4 (Journal Entry of Judgment)).    The Journal Entry of Judgment in the 2012 Foreclosure indicates the trial judge reviewed the original wet ink note and determined the indorsements were valid.  (*See id.* at 2-3).  The trial judge also specifically found that Defendants demonstrated standing to enforce the note.  (*Id.* at 3).  The Journal Entry of Judgment was amended on January 13, 2015, to clarify the judgment was only *in rem*.  (Dkt. 41-5 Amended Journal Entry of Judgment)).

Plaintiff sought to vacate the judgment in the 2012 Foreclosure.  (Dkt. 41-6 (Jester's Amended Response for Motion to Vacate Summary Judgment, Feb. 20, 2015)).  In that motion, Plaintiff raised numerous allegations against Defendants, including:  (1) the indorsement on the note was forged and invalid, (2) Plaintiff's mortgage payments had not been credited properly, in violation of various statutes including the Oklahoma Consumer Protection Act ("OCPA"), 15 Okl. St. §§ 752 *et seq.*, (3) MERS mortgages cannot be valid in Oklahoma, (4) misconduct occurred during Plaintiff's Chapter 7 bankruptcy proceeding in 2011, (5) Plaintiff's prior

---

[1] The Court may take judicial notice of the public filings in the 2012 Foreclosure and in Plaintiff's Chapter 7 Bankruptcy proceeding, because they are matters of public record.  *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  Because the Court takes judicial notice of these public filings, Defendants' Motion for Leave to File Judgment Rolls (Dkt. 42) is denied.

counsel during the 2012 Foreclosure acted negligently and incompetently, and (6) the loan was improperly serviced, in violation of the Real Estate Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617. (*Id.*). The Wagoner County District Court denied Plaintiff's motion to vacate on April 8, 2015. (*See* Dkt. 41-8 (Court of Civil Appeals Opinion), ¶ 4). Plaintiff appealed, and on October 26, 2015, the Oklahoma Court of Civil Appeals ("COCA") affirmed the judgment in favor of Defendants. (Dkt. 41-8 (COCA Opinion)). On April 11, 2016, the Oklahoma Supreme Court denied Plaintiff's petition for certiorari. (Dkt. 41-9 (Oklahoma Supreme Court Order)).

## II.     Plaintiff's Chapter 7 Bankruptcy Proceeding

Also pertinent to this matter is Plaintiff's 2011 bankruptcy proceeding, Case No. 11-80627-TRC, in the United States Bankruptcy Court for the Eastern District of Oklahoma (the "Bankruptcy Case"). A Chapter 7 Bankruptcy discharge was entered in that case on July 27, 2011. (*See* Dkt. 41-1 (Discharge of Debtor)). On October 28, 2014, Plaintiff sought to reopen his Chapter 7 Bankruptcy to pursue an adversary proceeding against Defendants. (*See* Dkt. 41-10 (Motion to Reopen Case for Purpose of Complaints)). Plaintiff requested the Bankruptcy Court review the state court judgment against him in the 2012 Foreclosure. (*Id.*). He alleged a litany of violations of state and federal law committed by Defendants, including violation of the bankruptcy discharge injunction and automatic stay laws by foreclosing on

4

his mortgage; fraud; robo-signing; misapplication of his payments; violation of RESPA; and intentional infliction of emotional distress. (*Id.*). On December 30, 2014, following a hearing, Judge Cornish issued an order denying Plaintiff's request to reopen, finding the Bankruptcy Court had no authority to set aside the state court judgment in the 2012 Foreclosure. (Dkt. 41-11 (Order Denying Motion to Reopen)). Judge Cornish concluded the *Rooker-Feldman* doctrine prevented the Bankruptcy Court "from acting as an appellate court to review a final, state court judgment or claims inextricably intertwined with them." (*Id.* at 4). Judge Cornish also found no violation of the automatic stay and no violation of the discharge injunction. (*Id.*).

Plaintiff appealed Judge Cornish's ruling to the Bankruptcy Appellate Panel ("BAP"), which affirmed the Bankruptcy Court's order on October 22, 2015. (Dkt. 41-12 (Opinion, BAP Appeal No. EO-15-2)). Plaintiff then appealed to the Tenth Circuit Court of Appeals, which affirmed the BAP's Opinion on July 25, 2016. (Dkt. 41-13 (Order in Tenth Circuit Case No. 15-7079)).

## III. The Present Proceeding

Following the Tenth Circuit's Order and Judgment in the Bankruptcy Case, Plaintiff filed a Complaint in this matter. In the Second Amended Complaint, Plaintiff again seeks review of the 2012 Foreclosure judgment, along with review of the judgment in the Bankruptcy Case. The Second Amended Complaint lists twenty causes of action against Defendants: (1) foreclosure fraud; (2) unjust enrichment;

(3) fraud upon the court; (4) misrepresentation; (5) breach of contract; (6) misapplication of payments; (7) deceit; (8) violation of RESPA, 12 U.S.C. §§ 2601-2617; (9) violation of the OCPA, 15 Okl. St. §§ 761(c)-(d)[2]; (10) lack of standing; (11) dual tracking; (12) promissory fraud; (13) actual fraud (14) constructive fraud; (15) violation of the automatic stay laws under 11 U.S.C. § 362(a); (16) violation of the discharge injunction; (17) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692f, 1692j, and 1692k[3]; (18) violation of the Fourteenth and Fifteenth Amendments; (19) forgery; and (20) infliction of emotional stress. (*See* Dkt. 38, at 1). Plaintiff seeks relief in the form of voiding the judgment in the 2012 Foreclosure, permanent injunction, reimbursement of fees and costs, reimbursement of payments paid on the loan plus interest, and civil monetary penalties available under Oklahoma and federal law. (*Id.* at 35-39).

Defendants have filed a motion to dismiss the allegations against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. 41). Defendants simultaneously filed a Motion for Leave to File Judgment Rolls (Dkt.

---

[2] It is unclear what subsection of the OCPA Plaintiff is referencing, as 15 Okl. St. § 761 was repealed in 1980. Plaintiff later refers to 15 Okl. St. §§ 761.1(A), (B), and (E), which merely describe liability and penalties for violations of the OCPA.

[3] Plaintiff alleges the relevant statutes under the FDCPA are 15 U.S.C. § 1692(e), (f), (j), and (k). However, the statute located at 15 U.S.C. § 1692(e) is simply a statement of purpose pertaining to the FDCPA, and no subsections (f), (j), or (k) exist under § 1692. Instead, the Court reads Plaintiff's allegation to refer to the statutes located at 15 U.S.C. §§ 1692e, 1692f, 1692j, and 1692k, as the headers of these subsections match the headers described by Plaintiff in the Second Amended Complaint (Dkt. 38, at 25).

42).  Plaintiff has responded to the Defendants' motion.  (Dkt. 43).  Defendants have filed a Reply.  (Dkt. 44).  Plaintiff thereafter filed an unauthorized Surreply brief.  (Dkt. 45).[4]

On September 7, 2017, Plaintiff filed a Motion for Leave to Amend the Second Amended Complaint.  (Dkt. 46).  Defendants filed an Objection and Response to Plaintiff's Motion to Amend.  (Dkt. 47).  On November 3, 2017, Plaintiff filed two motions:  an "Emergency Motion for a Evidentiary Hearing for a Temporary Restraining Order or Preliminary Injunction" (Dkt. 48) and an "Emergency Motion for a Order to Show Cause and Request an Evidentiary Hearing" (Dkt. 49).  Defendants filed an Objection and Response to each motion.  (Dkts. 50, 51).  The pending motions are now ripe for review by this Court.

---

[4] Pursuant to Local Civil Rule 7.1(e), supplemental briefs are not encouraged and may be filed "only upon motion and leave of Court."  Plaintiff failed to comply with this requirement.  However, Defendants have not objected to Plaintiff's filing of a surreply.  In the interest of giving Plaintiff the opportunity to fully litigate his claim, the Court accepts the surreply and will consider its substance.

**DISCUSSION**

**IV.    Defendants' Motion to Dismiss Second Amended Complaint**

    **A.    Standard of Review**

        **1.    Rule 12(b)(1) – Lack of Subject Matter Jurisdiction**

The party asserting jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction "generally take one of two forms." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* (internal citation omitted).

The second type of attack goes beyond the allegations in the complaint and challenges "the facts upon which subject matter jurisdiction depends." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citation omitted). When reviewing a factual attack on subject matter jurisdiction, "a district court may not presume the truthfulness of the complaint's factual allegations," and a court's reference in such an instance "to evidence outside the pleadings does not convert the motion to a Rule 56 motion" for summary judgment. *Id.* (citations omitted). When ruling on a factual attack, a court "has wide discretion to allow affidavits, other

8

documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion into one for summary judgment. *Stuart*, 271 F.3d at 1225. To defeat a Rule 12(b)(1) motion based on a factual attack, a "plaintiff must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Southway v. Central Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003) (citation omitted). Here, Defendants state they are raising a factual attack on the jurisdictional facts alleged by Plaintiff.

### 2. Review of *Pro Se* Pleadings

The Court further notes that, while *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, even *pro se* plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure," and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.** **Subject Matter Jurisdiction Over Claims Challenging the State Court Judgment**

**1.** **State-Based Claims**

In the Second Amended Complaint, Plaintiff asserts fifteen state law claims that were addressed in or intertwined with the 2012 Foreclosure judgment: (1) foreclosure fraud; (2) unjust enrichment; (3) fraud on the court; (4) misrepresentation; (5) breach of contract; (6) misapplication of payments; (7) deceit; (8) violations of the OCPA for misapplication of payments; (9) lack of standing; (10) dual tracking; (11) promissory fraud; (12) actual fraud; (13) constructive fraud; (14) forgery; and (15) infliction of emotional distress. (*See* Dkt. 38, at 1). Defendants seek dismissal of these claims, because they are based on two allegations already rejected by the Wagoner County District Court in the 2012 Foreclosure—(1) that Defendants lack standing to enforce the promissory note because the Washington Mutual Bank indorsement is fraudulent, and (2) Defendants misapplied his payments. Defendants argue Plaintiff's claims amount to an improper request for this Court to invalidate the state court's rulings in the 2012 Foreclosure. The Court agrees.

As Defendants correctly point out, Plaintiff's claims, as enumerated above, are subject to dismissal for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. This doctrine is a jurisdictional prohibition, based on 28

U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court, not by collateral litigation in federal district court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to bar "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). In other words, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The doctrine also prohibits federal courts from hearing any claim that is "inextricably intertwined" with a state court judgment. *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006). "A claim is inextricably intertwined if 'the state-court judgment *caused,* actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*.'" *Id.* (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). Nonetheless, *Rooker-Feldman* does not apply to claims regarding the same subject matter as that presented in the state court action, as long

as the state-court judgment is not itself at issue. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006). The doctrine of *res judicata* governs litigation of such repeat claims. *Id.* The federal court is tasked with distinguishing the two types of claims. *In re Miller*, 666 F.3d 1255, 1261-62 (10th Cir. 2012).

Here, Plaintiff alleges in the Second Amended Complaint that the "Nature of the Case" is, in part:

> Judge Dennis Shook of the Wagoner County District Court State of Oklahoma Case No. CJ-2012-0308 incorrectly granted Judgment on October 8, 2014 in favor of the Defendant, Wells Fargo Bank, N.A. in the Foreclosure Action filed against the Plaintiff Timmy Jester on July 6, 2012 where genuine issues of material facts exist which timely raised and objected to by the Plaintiff. Where the Defendant Lacked Standing to Foreclose on the Plaintiffs Property and the Court Lacked Jurisdiction. The Foreclosure Judgment was based on Fraud, Deceit, and Misrepresentation therefore the Foreclosure Judgment is Void.

(Dkt. 38, at 8). Plaintiff further alleges throughout the Second Amended Complaint various grounds why the Wagoner County District Judge in the 2012 Foreclosure was wrong in granting judgment against him, and why Defendants, Defendants' attorneys, and Plaintiff's previous attorneys are to blame. These allegations center around claims that Defendants failed to credit his mortgage payments properly, Defendants lacked standing to foreclose on his property, and the Washington Mutual indorsement on the promissory note is fraudulent.

Although Plaintiff's rambling allegations make it difficult to parse out the facts underlying each of his numerous causes of action, it is clear that Plaintiff's

state-based claims are all attacks on the judgment in the 2012 Foreclosure. Plaintiff already raised these challenges in the 2012 Foreclosure, and the Wagoner County District Court and Oklahoma COCA already rejected these arguments in that foreclosure proceeding. This Court could not find in Plaintiff's favor on his state-based claims, and grant his requested relief, without undermining the 2012 Foreclosure judgment. Moreover, the Tenth Circuit has clearly stated that allegations of fraud in the state court proceeding do not prevent application of the *Rooker-Feldman* doctrine to bar those fraud claims. *See Tal*, 453 F.3d at 1256-57; *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016).

After Plaintiff appealed the Wagoner County District Court's judgment against him in the 2012 Foreclosure to the Oklahoma COCA, and his petition for certiorari to the Oklahoma Supreme Court was denied, Plaintiff's remaining recourse was to petition the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991). Plaintiff did not do so, and the COCA's opinion became final. Therefore, the 2012 Foreclosure has been fully litigated and Plaintiff is bound by that state court result. Plaintiff invites this court to review and reject the state court judgment in the 2012 Foreclosure, but *Rooker-Feldman* bars this Court from entertaining such claims. This Court has no jurisdiction to review the state court's final order in the foreclosure proceeding.

13

Accordingly, Plaintiff's fifteen state-based claims must be dismissed for lack of subject matter jurisdiction.

### 2. FDCPA and RESPA Claims

Plaintiff additionally alleges Defendants violated the FDCPA and RESPA. Specifically, Plaintiff alleges an FDCPA violation occurred when Defendants misapplied his mortgage payments (*see* Dkt. 38, at 25). Plaintiff fails to state any facts to support a RESPA claim, but such a claim would necessarily be based on the servicing of Plaintiff's mortgage loan. *See, e.g.*, 12 U.S.C. § 2605 (setting requirements for servicing of federally related mortgage loans).

These claims are also barred under *Rooker-Feldman*, because they present issues that are inextricably intertwined with the 2012 Foreclosure proceedings. A determination on the FDCPA and RESPA issues would necessarily require this Court to revisit the question of whether Defendants' foreclosure was proper. This question was already answered as part of the 2012 Foreclosure judgment, and the *Rooker-Feldman* doctrine prohibits this Court from reviewing and rejecting that judgment. *See Dillard v. Bank of New York*, 476 F. App'x 690, 691-92 (10th Cir. 2012) (claims challenging bank's documentation to foreclose and alleging that bank used deceptive tactics in its pursuit of mortgaged property were barred by *Rooker-Feldman* doctrine, as they effectively sought review and rejection of foreclosure proceedings); *Orcutt v. Libel*, 381 F.App'x 866, 866 (10th Cir. 2010) (claims that

foreclosures were illegal and that sought an injunction and damages are inextricably intertwined with foreclosure decisions because they assert injuries based on the state court decisions and, to prevail, would require the district court to review and reject those decisions). Accordingly, Plaintiff's FDCPA and RESPA claims are subject to dismissal for lack of subject matter jurisdiction.

### 3. Constitutional Claims

Plaintiff alleges the state courts in the 2012 Foreclosure violated his constitutional rights under the Fourteenth and Fifteenth Amendments. However, as Defendants point out, Plaintiff filed these claims in the wrong court. Pursuant to 28 U.S.C. § 1257, Plaintiff should have petitioned the United States Supreme Court for certiorari to allege his constitutional rights were violated by the state courts in the 2012 Foreclosure. This is not the proper Court to make such a determination. Again, *Rooker-Feldman* squarely bars this Court from hearing these claims, because reviewing these claims would require review of the 2012 Foreclosure judgment. Accordingly, Plaintiff's constitutional claims are subject to dismissal for lack of subject matter jurisdiction.

### C. Subject Matter Jurisdiction over Claims Decided in Bankruptcy Court

In the Second Amended Complaint, Plaintiff asserts two claims that pertain to his federal Bankruptcy Case: (1) violation of the automatic stay laws, codified at 11

U.S.C. § 362(a) and (2) violation of the discharge injunction, codified at 11 U.S.C. 524(a)(2). (*See* Dkt. 38, at 1). However, as Defendants point out, those claims were already decided in Plaintiff's Bankruptcy Case in Defendants' favor. (*See* Dkt. 41-11 (Order Denying Motion to Reopen)). That decision was affirmed by the Tenth Circuit BAP and the Tenth Circuit Court of Appeals. (*See* Dkt. 41-12 (Opinion, BAP Appeal No. EO-15-2); Dkt. 41-13 (Order, Tenth Circuit Case No. 15-7079)). Therefore, these two claims are barred by the doctrine of *res judicata*.

*Res judicata*, or claim preclusion, "generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action." *Driver Music Co., Inc. v. Commercial Union Ins. Cos.*, 94 F.3d 1428, 1435 (10th Cir. 1996) (quotation omitted). To demonstrate *res judicata*, the defendant bears the burden to prove (1) the prior suit ended with a judgment on the merits; (2) the parties are identical or in privity; (3) the prior suit was based on the same cause of action; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mill Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Here, the elements of *res judicata* are met. First, Plaintiff's federal Bankruptcy Case was fully adjudicated and ended with a judgment on the merits, which was affirmed by the Tenth Circuit BAP and the Tenth Circuit Court of

Appeals. (*See* Dkt. 41-11 (Order Denying Motion to Reopen); Dkt. 41-12 (Opinion, BAP Appeal No. EO-15-2); Dkt. 41-13 (Order, Tenth Circuit Case No. 15-7079)). Second, Plaintiff and Defendants were parties to the prior Bankruptcy Case. Third, Plaintiff's claims for violation of the automatic stay and discharge injunction were addressed in the Bankruptcy Case, and Plaintiff's claims for those violations arise from the same set of facts in this case as in the Bankruptcy Case. *See Nwosun*, 124 F.3d at 1257 (noting that a cause of action for claim preclusion purposes "includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."). Fourth, Plaintiff had a full and fair opportunity to litigate the issues of the automatic stay and discharge injunction in the Bankruptcy Case. Plaintiff briefed those issues before Judge Cornish, and Judge Cornish held a hearing on those issues before issuing a decision that rejected Plaintiff's arguments. Accordingly, claim preclusion applies, and Plaintiff is barred from raising those same arguments here. These claims are subject to dismissal for lack of subject matter jurisdiction. [5]

### D.    Permanent Injunction

Finally, Plaintiff requests a permanent injunction preventing the foreclosure sale of his home. (*See* Dkt. 38, at 38). To obtain a permanent injunction, a party

---

[5] Because the Court disposes of Plaintiff's claims based on lack of subject matter jurisdiction pursuant to *Rooker-Feldman* and *res judicata*, the Court will not consider Defendants' various "alternative" arguments for dismissal, including Defendants' arguments for dismissal based on Rule 12(b)(6).

must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (quotation omitted). "A permanent injunction cannot be granted if any of the four requirements has not been met." *Utah Env'l Cong. v. United States Bureau of Land Mgmt.*, 119 F. App'x 218, 220 (10th Cir. 2004) (citing *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003)).

For the reasons explained above, this Court concludes that Plaintiff cannot succeed on the merits of his various claims because they are barred under either the *Rooker-Feldman* doctrine or *res judicata*. This Court has no authority to enjoin the judgment in the 2012 Foreclosure proceeding. Accordingly, Plaintiff cannot obtain a permanent injunction.

## E. Plaintiff's Response and Surreply

Plaintiff's Response (Dkt. 43) and Surreply (Dkt. 45) in opposition to the Motion to Dismiss do not offer any basis to save his claims. In his Response brief, Plaintiff reiterates the allegations in the Second Amended Complaint and denies that he is seeking review of the 2012 Foreclosure judgment. However, Plaintiff also states in his Response that "the Oklahoma State Court Foreclosure Judgment is not valid, it is void" (Dkt. 43, at 2), and it is clear from the substance of his Response

that he indeed seeks to reopen the 2012 Foreclosures proceedings. Plaintiff's adamant denials in this regard do not change the circumstances of this case.

In the Response, Plaintiff asserts he has a right to plead his case based on the United States Constitution, 42 U.S.C. § 1983, and fraud on the court. (*Id.* at 6). However, for the reasons explained above, Plaintiff's recourse in the 2012 Foreclosure proceeding was to the United States Supreme Court, not this Court. Plaintiff repeatedly insists that his allegation of fraud on the court in the 2012 Foreclosure proceeding permits this Court to set aside that judgment (*see* Dkt. 43, at 8-11). However, as Defendants explain in their Reply brief, allegations of fraud perpetrated on the state court do not overcome the *Rooker-Feldman* bar. *See, e.g., Farris v. Burton*, 686 F. App'x 590, 592-93 (10th Cir. 2017). In *Farris*, the Tenth Circuit rejected the plaintiff's § 1983 claim brought in federal district court, in which she alleged fraud on the court was committed during her state court divorce proceeding. *Id.* The panel explained the plaintiff's allegations implicated the *Rooker-Feldman* bar, because her claims rested on "allegations concerning the state-court proceedings or judgment." *Id.* at 592 (quoting *PJ ex. rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010)) (quotation marks and alteration omitted).

In his Response, Plaintiff relies on the Supreme Court's decision in *Hazel-Atlas Glass Co., v. Hartford-Empire Co.*, 322 U.S. 238 (1944), in which the Supreme Court confirmed the Circuit Court's ability to vacate *its own judgment* upon proof

of fraud. However, as the panel in *Farris* explained, "[t]he *Hazel-Atlas* decision relates solely to the issue of fraud committed in a federal court and that court's power to remedy it; the decision says nothing about the jurisdiction of a *federal* court to address fraud allegedly committed in a *state* court." 686 F. App'x at 592-93. By contrast, the *Rooker-Feldman* doctrine prohibits a federal court from reviewing fraud allegedly committed in a state court. Accordingly, *Rooker-Feldman* prohibits this Court from voiding the 2012 Foreclosure judgment and re-litigating issues that were decided or should have been raised in the state court proceedings, even if fraud on the court is alleged.

Plaintiff further argues the state court decided only two of his present twenty claims, and the counterclaims he did raise in the 2012 Foreclosure proceeding were ignored by the state court. However, as explained above, all of Plaintiff's claims (apart from the violation of the automatic stay and discharge injunction) would require this Court to void the state court judgment and reconsider issues already decided in the state court. If Plaintiff's counterclaims were not heard by the state court, the appropriate remedy was to petition the United States Supreme Court pursuant to 28 U.S.C. § 1257. This Court has no authority to hear those claims or decide whether Plaintiff's constitutional rights were violated by the state court's action or inaction in the 2012 Foreclosure.

In addition, Plaintiff states in his Response brief that he was unaware he could appeal to the United States Supreme Court, and the Supreme Court would have ruled against him anyway. (Dkt. 43, at 3-4). Whatever the reason, Plaintiff's failure to follow proper appellate procedure does not confer this Court jurisdiction over Plaintiff's claims. Plaintiff's claims must be dismissed.

## V. Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to amend his Second Amended Complaint, to add several new defendants: (1) attorneys at Shapiro and Cejda L.L.C., (2) attorneys at Baer Timberlake Coulson & Cates PC, and (3) attorney Mark Hardin with Pierce Couch Hendrickson Baysinger & Green L.L.P. (together, the "Attorneys") (Dkt. 46). Plaintiff seeks to add these defendants to assert claims against them for allegedly providing false documentation to the state court in the 2012 Foreclosure proceeding. Plaintiff also asks for leave to amend to clarify the cause of action and the nature of the case. Plaintiff does not attach a proposed Third Amended Complaint, and he does not explain how he proposes to amend his existing claims. Defendants oppose Plaintiff's request to amend. (Dkt. 47).

### A. Standard of Review

Plaintiff seeks amendment pursuant to Federal Rule of Civil Procedure 15(a)(2). Under Rule 15(a)(2), "'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings,* 568 F.3d

21

1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)). "The rule instructs courts to 'freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). The Rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997).

**B.    Proposed Amendment to Add New Defendants**

As Defendants point out, it would be futile to allow an amendment to add their attorneys as defendants, because Oklahoma does not recognize a civil claim for the type of fraud alleged—intrinsic fraud. The Oklahoma Supreme Court defines "intrinsic fraud" as:

> any fraudulent conduct of the successful party which was practiced during the course of an actual adversary trial of the issues joined and which had no effect directly and affirmatively to mislead the defeated party to his injury after he announced that he was ready to proceed with the trial. If during the trial the successful party urges forged

instruments, or perjured testimony or fails to introduce witnesses of whom he has knowledge and whose testimony would help his adversary and impair his own case, he is guilty of fraud; but it is intrinsic fraud, for relief from which application must be made to the court having jurisdiction of the issues joined and tried.

*Patel v. OMH Medical Center, Inc.*, 987 P.2d 1185, 1196 (Okla. 1999) (quotations omitted). The Oklahoma Supreme Court in *Patel* further held: "in this state no civil action may be maintained for damages caused by perjury, whether the petition for damages refers to the tort as perjury or as fraud or deceit." *Id.* at 1202 (citing *Cooper v. Parker-Hughey*, 894 P.2d 1096 (Okla. 1995)). The *Patel* court explained that "perjurious testimony constitutes a fraud or deceit on the finders of fact and on the judicial system as a whole, and not on an individual litigant." *Id.* (citing *Cooper*, 894 P.2d at 1100).

In addition, the Oklahoma Supreme Court has held that a second action attacking alleged *intrinsic* fraud committed in a prior action is improper. *FDIC v. Jernigan*, 901 P.2d 793 (Okla. 1995). In *Jernigan*, the court found that fraud consisting of counsel's false and misleading statements to the trial court did not rise beyond intrinsic fraud—that is, fraud which is perpetrated within the course of adversary proceedings. *Id.* at 798. The court held, "[r]elief from intrinsic fraud must be sought by direct attack launched in the case in which the fraud was committed." *Id.* (citing *Chapman v. Chapman*, 692 P.2d 1369, 1373 n.6 (Okla. 1984)).

Because Plaintiff alleges the Attorneys' fraud occurred within the course of the 2012 Foreclosure, Oklahoma law clearly requires Plaintiff to seek relief from such fraud in the Oklahoma state court where that proceeding occurred. Accordingly, Plaintiff cannot state a valid claim against the Attorneys for fraud on the court, and this Court must deny Plaintiff's request to add these defendants as futile.

**C.      Proposed Amendment to Clarify Existing Claims**

The Court also denies Plaintiff's request to amend his existing claims to clarify the cause of action and the nature of the case. Plaintiff already has had ample opportunity to state his claims and cure any deficiencies by previous amendment, and Plaintiff points to no proposed amendments to the Second Amended Complaint that would affect the outcome of this case. "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quotation omitted). Accordingly, Plaintiff's request for leave to amend his existing claims is denied.

**VI.   Plaintiff's Emergency Motion for a Temporary Restraining Order or Preliminary Injunction**

On November 3, 2017, Plaintiff filed an "Emergency Motion for a Evidentiary Hearing for a Temporary Restraining Order or Preliminary Injunction."  (Dkt. 48). In this motion, Plaintiff states his property was sold at foreclosure auction on October 17, 2017, by Sheriff's sale, and he is currently subject to eviction from the foreclosed property.   Plaintiff reiterates many of the allegations in the Second Amended Complaint, and he again asserts the 2012 Foreclosure judgment is void and should be vacated by this Court.  Plaintiff requests a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from selling or attempting to sell the property.  In addition, he requests a declaration that sale of the property to enforce the deed of trust/mortgage is improper and that Defendants do not legally hold the note or deed of trust or have the right to foreclose on the property.  (*See* Dkt. 48, at 10-11).

This Court previously denied Plaintiff's request for a temporary restraining order and preliminary injunction.  (*See* Dkt. 6 (Opinion and Order, Dec. 7, 2016)). In that Opinion and Order, the Court concluded Plaintiff's attempt to enjoin the sale of the property was barred by the *Rooker-Feldman* doctrine, because it sought to undo the state court's order in the 2012 Foreclosure proceeding.  (*See id.*).  Plaintiff presents no facts or arguments that would alter the Court's conclusion in the

December 7, 2016, Opinion and Order.  Accordingly, Plaintiff's requests for a temporary restraining order and preliminary injunction are denied.

Moreover, the Court concludes above in Part I.D that Plaintiff is not entitled to a permanent injunction.  Plaintiff's motion presents no arguments or facts to change that conclusion.  Accordingly, Plaintiff's request for a permanent injunction is denied.

## VII.   Plaintiff's Emergency Motion for an Order to Show Cause

Finally, on November 3, 2017, Plaintiff filed an "Emergency Motion for a Order to Show Cause and Request an Evidentiary Hearing."  (Dkt. 49).  In this motion, Plaintiff asks the Court to set a hearing regarding cancellation of the sale of Plaintiff's property.  Plaintiff further requests that the Court vacate/dismiss the 2012 Foreclosure judgment, that the assignment of mortgage to Wells Fargo Bank NA be removed from Plaintiff's land record, and that Defendants be forever barred from filing a claim on the property.  (*See* Dkt. 49, at 12-13).

In response, Defendants state the confirmation of the Sheriff's sale of the subject property has already occurred, which renders the hearing request moot.  (Dkt. 51).  Defendants further argue the Court lacks jurisdiction to vacate or dismiss the 2012 Foreclosure judgment pursuant to the *Rooker-Feldman* doctrine and this Court lacks jurisdiction to remove a recorded assignment of mortgage from the land records.

The Court agrees it lacks authority to grant Plaintiff's requested relief. A hearing on Plaintiff's motion is unnecessary. For the reasons explained above in Part I.B.1, *Rooker-Feldman* bars this Court from vacating or dismissing the judgment in the 2012 Foreclosure proceeding. Further, Plaintiff cites no authority that would permit this Court to remove an assignment of mortgage from the land records, particularly when this Court is prohibited from vacating the 2012 Foreclosure judgment, and the Court is unaware of any such authority. Finally, a permanent injunction prohibiting Defendants from filing a claim on Plaintiff's property is unavailable, for the reasons explained above in Part I.D. Accordingly, Plaintiff's motion (Dkt. 49) is denied in its entirety.

## CONCLUSION

For the reasons outlined above, the Court concludes that dismissal of this action as to Defendants is warranted. Accordingly, Defendant's Motion to Dismiss (Dkt. 41) is **GRANTED**. Plaintiff's "Motion for Leave to Amend Its Second Amended Complaint" (Dkt. 46) is **DENIED**. Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** as to both Defendants.

In addition, it is ordered that: Plaintiff's "Emergency Motion for a Evidentiary Hearing for a Temporary Restraining Order or Preliminary Injunction" (Dkt. 48) is **DENIED**. Plaintiff's "Emergency Motion for a Order to Show Cause

and Request an Evidentiary Hearing" (Dkt. 49) is **DENIED**.  Defendants' Motion

for Leave to File Judgment Rolls (Dkt. 42) is **DENIED**.

    **IT IS SO ORDERED** this 21st day of March, 2018.


          James H. Payne
          United States District Judge
          Eastern District of Oklahoma